UNITED STATES BANKRUPTCY COURT

DISTRICT OF ALASKA

| | |
|---|---|
| In re:<br><br>THOMAS LEE CRANDALL, JR.,<br><br>　　　　　　　　Debtor. | Case No. A-15-00151<br><br>**NOT FOR PUBLICATION** |
| NATIVE VILLAGE OF PORT HEIDEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>THOMAS LEE CRANDALL, JR.,<br><br>　　　　　　　　Defendant. | Adversary No. 16-90014-FPC<br><br>MEMORANDUM DECISION RE: PLAINTIFF'S REQUEST FOR JURY TRIAL |

## **INTRODUCTION**

The Native Village of Port Heiden (NVPH) commenced this adversary proceeding to hold debtor Thomas Lee Crandall, Jr. individually liable for an obligation of his company, Emagyne Management Services, LLC, that arose from a $102,940.33 state court judgment entered against Emagyne Management. NVPH

MEMORANDUM DECISION RE: PLAINTIFF'S REQUEST . . .   ~ Page 1

requests a jury trial for issues relating to this claim. NVPH also seeks to hold any debt owed to it as nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

## DISCUSSION

NVPH seeks to establish Mr. Crandall's personal liability for a debt owed to it by Emagyne Management through its veil piercing claim and its claim of personal liability post-dissolution. NVPH's request for a jury trial on these issues is denied for two primary reasons.

First, NVPH filed a proof of claim in the main bankruptcy case (Case No. A-15-00151). Once a party has submitted a claim against the bankruptcy estate, the intent is to recover from the estate, and the party has thus consented to the bankruptcy court's equitable power to allow or disallow claims and waived any right to a jury. *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 59 n.14 (1989); *Matter of Peachtree Lane Ass'n, Ltd.*, 150 F.3d 788, 798 (7th Cir. 1998).

Second, determining the validity and amount of a claim is an essential part of the claims allowance process. *In re Rouette*, 564 B.R. 157, 162 (Bankr. D. Conn. 2017). Therefore, any determinations concerning whether a particular debt is or is not discharged is central to the bankruptcy process and is properly within the bankruptcy court's authority to resolve without a jury. *Am. Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)*, 104 F.3d 1122, 1123 (9th Cir. 1997).

Making a determination regarding the dischargeability of a debt involves a two-step process: (1) the establishment of the debt itself and (2) a determination as to the nature—dischargeable or nondischargeable—of that debt. *Banks v. Gill Distrib. Ctrs., Inc. (In re Banks)*, 263 F.3d 862, 868 (9th Cir. 2001). At times, the bankruptcy court must determine a debtor's liability in order to establish the underlying debt. *In re Valle*, 469 B.R. 35, 43 (Bankr. D. Idaho 2012). These determinations place the existence and scope of the debtor's liability and the creditor's right to payment squarely within the bankruptcy court's core jurisdiction. *Id*. Adjudication of the underlying claim, which arises under nonbankruptcy law, becomes part and parcel of the dischargeability determination. *See Chen v. Huang (In re Wen Jing Huang)*, 509 B.R. 742, 754 (Bankr. D. Mass. 2014) (determining debtor's liability under state law veil piercing theory in dischargeability proceeding is within core jurisdiction of bankruptcy court as a question of dischargeability under § 523(a) necessarily requires determining the scope of debtor's liability on a claim and existence of creditor's right to payment); *3N Int'l, Inc. v. Carrano (In re Carrano)*, 530 B.R. 540, 547 (Bankr. D. Conn. 2015) (finding the issues of liability and dischargeability so intertwined that their separation in the context of §§ 523(a)(2), (4), and (6) is not

MEMORANDUM DECISION RE: PLAINTIFF'S REQUEST . . .   ~ Page 3

feasible). Thus, no Seventh Amendment right to a jury trial attends such an adjudication. *Valle*, 469 B.R. at 43.[1]

For the reasons set forth, this court will enter an order denying NVPH's request for a jury trial.

DATED this 17th day of November, 2017.

                                            /s/ Frederick P. Corbit
                                            FREDERICK P. CORBIT
                                            Chief Bankruptcy Court Judge

Serve: Samuel J. Fortier, Esq. (for Plaintiff)
        Chris Johansen, Esq. (for Defendant)
        Thomas Lee Crandall, Jr. (Defendant/Debtor)

---

[1] There is an additional reason to deny the jury demand. In the Notice Re: Plaintiff's Jury Demand (ECF No. 22), this court indicated to counsel it would deny NVPH's demand for a jury trial unless an objection was filed with court by October 27, 2017. Neither party timely objected to this court's notice: Mr. Crandall filed a notice consistent with this court's notice and NVPH filed nothing.

MEMORANDUM DECISION RE: PLAINTIFF'S REQUEST . . .   ~ Page 4